*J. M. Beck*, for defendant.

————•◆•————

## DANIELS *v.* BATES.

When the plaintiff in an action of right, waives all but nominal damages, the defendant cannot introduce evidence of a set-off for improvements.

### *Error to Des Moines District Court.*

*Opinion by* GREENE, J.   Joseph S. Bates sued Theodore Daniels in an action of right. The complaint was filed and proceedings had in the distrtct court, under the statute regulating the action of right. *Rev. Stat.* 526. The defendant's plea to the merits, traversed the plaintiff's right to the land and to damages for the detention. Upon the issue, the jury found the right of possession to be in the plaintiff, and assessed his damages at one cent.

It appears by the bill of exceptions, that after the plaintiff had established his legal title to the premises and submitted his cause to the jury without evidence of damages, the defendant introduced witnesses to prove the nature and value of permanent improvements made by him on the land in question, in order to recover compensation. To this testimony the plaintiff objected, and waived all right to more than nominal damages of one cent. This objection was sustained, and the defendant precluded from giving the testimony in reference to the improvements. The action of the court below, in excluding this testimony is the only error assigned.

The fifty-third section of the act above referred to, is cited to show that the court improperly excluded the testimony. That section provides, that "where the plaintiff in an action of right, shall be entitled to damages for withholding, or using, or injuring his property, the defendant shall be allowed to *set-off* any permanent improvements, he may have made thereon, at their fair value to said plaintiff." This involves the inquiry, whether the defendant can claim compensation for permanent improvements in the way of a set-off, where the plaintiff has waived all right to damages. The determination of this question, must depend upon the legal construction of the section of the statute above quoted.

That a party has a right to waive damages is a self-evident proposition, too obvious to be questioned. After damages have been waived by the plaintiff, the question arises, how can the defendant acquire a set-off? Against what can it operate? What claim or demand can it counterbalance in whole, or in part? It would be doing violence to the common and legal acceptation of the term, to assume that a set-off can be made against nothing; or that a defendant can recover judgment by virtue of a set-off, for any amount exceeding the plaintiff's demand, unless such proceeding is expressly authorized by statute; and even then, the defendant's claim should be distinguished by some other name than that of set-off. Webster defines

Daniels *v.* Bates.

a set-off, to be the act of admitting one claim to counter-balance another. In 3 Black. 304, it is defined to be a claim which a defendant has upon a plaintiff, and which he sets up, or places against the plaintiff's demands. Holthouse in his Law Dictionary 393, describes it as a demand which the defendant in an action, sets up against the plaintiff's demand, so as to counterbalance that of the plaintiff, either altogether, or in part. Guided by this definition of the term, it will be difficult to apply a sound rule of construction to the section referred to, which will justify compensation to the defendant for improvement, by way of a set-off, where the plaintiff waives all but merely nominal damages. In our view, such a construction would do palpable violence to the obvious language and intention of the law. Had the legislature intended compensation to the defendant in such an action, other than that which would result from a legitimate set-off, but few words would have been required to disclose such intention. But we must be guided by the explicit letter of the law as it is. A clause in the statute, authorizing the defendant in an action of right, to recover compensation for permanent improvements, might well be deemed expedient, as it would tend to the advancement of justice, and prevent a multiplication of suits; but such expediency should be addressed to the general assembly as a reason for amending the act, and not to the courts, for a forced and unauthorized construction.

In an action before a justice of the peace, the defendant may set-off any demand which he may have against the plaintiff, and if his set-off amounts to more than the plaintiff's debt, a judgment for the excess is authorized by statute. *Rev. Stat.* 319, §10. But this provision is limited to actions founded on contracts, and commenced before justices of the peace, and has no application to an action of right. We cannot then, by mere intendment, extend this provision beyond the letter and spirit of the statute, especially, as the construction sought, is a departure from principles of common law.

19

The right of the tenant or occupant to recover, in a proper action, for permanent improvements, is not properly the subject of inquiry in this case.

Judgment affirmed.

*M. D. Browning,* for plaintiff in error.

*J. C. Hall,* for defendant.